IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs at Knoxville July 26, 2016

**LARRY HUNT v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 00-12639, 00-12640, 0012641    Glenn Wright, Judge**

_____

**No. W2015-01836-CCA-R3-PC  -  Filed December 15, 2016**

_____

The Petitioner, Larry Hunt, appeals the Shelby County Criminal Court's denial of his petition for post-conviction relief from his aggravated robbery, aggravated kidnapping, and aggravated rape convictions, for which he is serving an effective thirty-two-year sentence. He contends that he received the ineffective assistance of counsel. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and CAMILLE R. MCMULLEN, J., joined.

Juni S. Ganguli, Memphis, Tennessee, for the appellant, Larry Hunt.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; Carla Taylor, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner's convictions relate to a robbery of a hotel and the sexual assault and kidnapping of the victim, a hotel employee. The Petitioner was a former hotel employee and had worked with the victim. At his first trial, the Petitioner was convicted of aggravated robbery and aggravated kidnapping, but the jury was unable to reach a verdict on the aggravated rape count. At a second trial, the Petitioner was convicted of aggravated rape. The trial court imposed sentences of twenty-five years for aggravated rape and twelve years each for aggravated robbery and aggravated kidnapping, and it imposed partially consecutive sentences which yielded an effective thirty-seven year sentence. On appeal, this court affirmed the Petitioner's aggravated robbery, aggravated kidnapping, and aggravated rape convictions, vacated a conviction for a count that had

been dismissed by the State but for which a judgment of conviction had nevertheless been entered, and modified the length of the sentences to twenty-two years for aggravated rape and ten years each for aggravated robbery and aggravated kidnapping, for an effective thirty-two-year sentence. *See State v. Larry Hunt*, No. W2003-01738-CCA-R3-CD, 2004 WL 2050284 (Tenn. Crim. App. Sept. 14, 2004), *perm. app. denied* (Tenn. May 23, 2005) (designated not for citation).

The Petitioner filed a petition for post-conviction relief, in which he alleged he received the ineffective assistance of counsel in the conviction proceedings. The post-conviction court denied relief without making findings of fact or conclusions of law, and this court reversed the judgment based upon the post-conviction court's failure to specify the basis for its decision. Because the post-conviction judge was deceased by the time this court adjudicated the appeal, this court remanded the case for a new hearing rather than for the post-conviction court to make findings of facts and conclusions of law based upon the previous hearing. *Larry Hunt v. State*, No. W2012-01682-CCA-R3-PC, 2013 WL 3991819 (Tenn. Crim. App. Aug. 2, 2013).

At the hearing on remand, trial counsel testified that the allegations at the trial involved the Petitioner's having gone to a hotel where he had been employed previously. Counsel said the Petitioner told counsel that his intent had been to steal money and that he had been surprised when he encountered the victim, who was returning from the restroom. Counsel said that the Petitioner took the money and that the Petitioner and the victim went to another part of the hotel, where the Petitioner digitally penetrated the victim until noticing her tampon. Counsel said the Petitioner asked the victim where the keys to a hotel van were and told the victim "they needed to take a ride." After the victim and the Petitioner struggled, the Petitioner forced the victim into the van and drove around for thirty minutes to one hour before abandoning the van, which the victim drove back to the hotel.

Trial counsel testified that in his twenty-six years of law practice, he had filed motions to suppress when he thought they had merit. He agreed that the better practice was to file and litigate motions to suppress before a trial. He said, however, that the Petitioner did not inform him until after the first trial of any police conduct to support a motion to suppress. Counsel said that the trial judge agreed to hear a motion to suppress at this late juncture, that the judge denied the motion, and that the judge stated his ruling would have been the same had the motion been filed six months earlier.

When asked about his decision not to have a defense investigator attempt to speak to the victim, trial counsel testified that rape victims tended not to be forthcoming with defense investigators. He said that he had a transcript of the preliminary hearing and that

he considered "sworn testimony under cross examination at a preliminary hearing by a trained attorney" to be sufficient investigation of the victim's account. He said that witnesses sometimes told a defense investigator what the investigator "wanted to hear" in order to have the investigator leave them alone. Counsel noted that the only witnesses were the Petitioner and the victim.

Trial counsel testified that his file reflected five or six jail visits with the Petitioner.

Trial counsel said the Petitioner did not testify at the trials and did not have an alibi. Counsel agreed that vigorous cross-examination, primarily of the victim, was the only available defense strategy. Counsel agreed that the Petitioner did not testify at either trial. Counsel agreed that he attempted to cross-examine the victim vigorously on the subject of sexual penetration. He said that the victim misunderstood that penetration of any type could constitute the offense of rape and that he "tried to make hay" of her having stated the victim "tried to rape" her.

Trial counsel testified that he advised the Petitioner that if the Petitioner testified, the Petitioner's prior robbery conviction could not be used to show propensity to commit the present offenses but could be used to impeach the Petitioner's credibility. He noted that the allegations related to the aggravated rape were a "he said/she said" scenario. He said the Petitioner made the decision not to testify.

Relative to the aggravated robbery and aggravated kidnapping convictions at the first trial, trial counsel testified that he did not think *State v. Anthony*, 817 S.W.2d 299 (Tenn. 1991), *overruled by State v. White*, 362 S.W.3d 559, 578 (Tenn. 2012), applied to the facts of the Petitioner's case. In counsel's view, the Petitioner's driving the victim around Shelby County in a van following the robbery did not constitute a kidnapping incidental to the robbery. Counsel said he advised the Petitioner that if the judge did not rule that the kidnapping was incidental to the robbery, the Petitioner faced an eight to twelve year sentence for each conviction and that the possibility of consecutive sentencing meant the Petitioner faced an effective sentence of eight to twenty-four years for the kidnapping and robbery offenses.

Trial counsel testified that the only plea offer was for an effective twenty-five years and that he advised the Petitioner of the offer. The plea offer consisted of a ten-year sentence for aggravated robbery and fifteen year sentences for aggravated kidnapping and aggravated rape. Counsel said the Petitioner refused to accept a plea offer for the aggravated rape charge. Counsel said he advised the Petitioner of the possible outcome of the case if the Petitioner went to trial instead of pleading guilty. Counsel recalled that a voir dire examination of the Petitioner had taken place regarding

the twenty-five-year plea offer. Counsel did not recall the State's having made an offer of fifteen years for aggravated rape to be served concurrently with sentences imposed by the trial court for the two offenses of which the Petitioner had been convicted at the first trial.

Trial counsel did not recall any conflicts between the Petitioner and himself. Counsel said the Petitioner "was always a gentleman" but was adamant about having intended only to steal money until the victim appeared on the scene. He recalled the Petitioner making an outburst during the second trial, for which the Petitioner was admonished by the court and for which the Petitioner apologized.

Regarding the defense at the second trial, trial counsel testified that his strategy involved highlighting the victim's having declined to have a medical examination after the offenses. Counsel said he advised the Petitioner that if the Petitioner were convicted of aggravated rape at the second trial, counsel did not expect the judge to order concurrent sentences. Counsel noted that a police officer testified at the sentencing hearing that the Petitioner's mother "made some disparaging remarks about [the Petitioner's] behavior in the past generally," that counsel objected, that the court stated it would not consider this evidence unless the mother testified, and that the mother did not testify.

Assistant District Attorney General Steve Jones testified that he was the prosecutor for the Petitioner's trials. General Jones testified that his file reflected the twenty-five-year offer before the first trial. He said that although he had no recollection of having made a fifteen-year offer for the aggravated rape charge before the second trial, he had no reason to doubt defense counsel if counsel had testified as to the existence of a fifteen-year offer. When shown an unspecified document, he agreed that the record reflected that trial counsel had questioned the Petitioner on the record about the Petitioner's knowledge of the existence of a fifteen-year offer for aggravated rape, to be served concurrently with the sentences for the convictions from the first trial. General Jones said that although he ultimately requested that all of the Petitioner's sentences be imposed consecutively, the trial court imposed partially consecutive sentences.

The Petitioner testified that he briefly met with trial counsel before court hearings and that counsel visited him at the jail twice before the first trial. The Petitioner said he told counsel that he did not penetrate the victim's vagina with his finger. He acknowledged he did not have a defense to the robbery and kidnapping charges.

The Petitioner testified that he asked trial counsel "on a few occasions" to have an investigator speak to the victim about how she would testify. He said counsel never did

so. The Petitioner said he filed three or four complaints about counsel with the Board of Professional Responsibility because counsel failed to communicate with him. He said that he asked the court to appoint a different attorney and that he considered proceeding pro se but decided it would have been a "stupid mistake."

The Petitioner testified that the suppression hearing occurred after the second trial and that he thought it was pointless and unfair because the officers he accused of misconduct did not testify.

The Petitioner acknowledged that between the first and second trials, the State made a plea offer of fifteen years for aggravated rape, which he declined. He said that although the State agreed to recommend that the sentences be imposed concurrently, he rejected the offer because trial counsel said the judge might impose consecutive sentences and because the Petitioner thought he had a "good chance" of not receiving "consecutive sentences on everything" if he went to trial. He agreed that, ultimately, the judge imposed the aggravated robbery and aggravated kidnapping sentences concurrently to each other and consecutively to the aggravated rape conviction. He said he understood that the judge could not legally impose consecutive sentences for aggravated kidnapping and aggravated robbery. He said counsel told him he would likely receive consecutive sentences for all of the offenses, that counsel failed to explain the relevant law to him regarding the requirement that the aggravated kidnapping and aggravated robbery sentences be imposed concurrently, and that as a result, he did not think he should accept the plea offer. He acknowledged that counsel advised him of different possible outcomes and that, ultimately, the decision to take the case to trial was the Petitioner's.

The Petitioner testified that although the victim's trial testimony was similar to her preliminary hearing testimony, unspecified differences existed.

After receiving the proof, the post-conviction court filed a written order denying relief. This appeal followed.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2012). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2012). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review

without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . , are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

# I

## Failure to Prepare for Trial

The Petitioner contends that trial counsel failed to prepare adequately for trial because counsel relied on the victim's preliminary hearing testimony without trying to interview her personally or through an investigator. The State counters that counsel's performance was not deficient and that the Petitioner failed to show prejudice.

We note, first, that this issue was not raised in either of the amended post-conviction petitions in the record of the present appeal, nor was it raised in the original petition and multiple amended petitions in the record of the previous appeal. The Petitioner alleged that trial counsel had been ineffective in his cross-examination of the victim at the second trial relative to the issue of penetration, but the Petitioner made no allegations relative to counsel's pretrial investigation of the victim's testimony. In its order denying relief from which the present appeal was taken, the post-conviction court did not make findings of fact or conclusions of law relevant to this issue. We conclude that the issue is waived and, therefore, is not properly before this court for appellate review. *See, e.g.*, *Cauthern v. State*, 145 S.W.3d 571, 599 (Tenn. 2004) ([A]n issue raised for the first time on appeal is waived."). In reaching this conclusion, we are mindful that this court noted the issues raised by the Petitioner in the opinion in the Petitioner's first post-conviction appeal and that those issues included ineffective assistance of counsel because trial counsel "failed to investigate the facts of the case and failed to interview the victim." *See Larry Hunt*, 2013 WL 3991819, at *3. This court likewise noted that the post-conviction court failed to make findings of fact and conclusions of law relative to any issues presented at the post-conviction hearing and that the post-conviction judge was deceased. *Id.* This court remanded the case for a new hearing, proper factual findings, and legal conclusions. *Id.* The court did not, however, address the merits of the issues raised in the appeal or whether the issues had been raised in the post-conviction court. *Id.* As we have stated, our review of the petition and amended petitions reflects that the issue was not raised below, and consideration of it at this juncture is waived.

## II

### <u>Failure to Pursue a Pretrial Motion to Suppress</u>

The Petitioner contends that trial counsel provided ineffective assistance by failing to file a pretrial motion to suppress evidence of the Petitioner's statement to the police on the basis that the statement had been coerced. The State counters that counsel did not provide ineffective assistance in failing to pursue a motion to suppress because the Petitioner did not make allegations regarding police coercion of the statement until after the first trial had occurred.

As with the previous issue, this allegation was not raised in any of the petitions in the record of this appeal or of the previous appeal. Although the Petitioner alleged that trial counsel had been ineffective in failing to file a motion to suppress, this allegation was based on counsel's failure to seek, at the second trial for aggravated rape, suppression of evidence from the confession of the aggravated robbery and aggravated

kidnapping of which the Petitioner had been convicted at the first trial. The Petitioner alleged that the evidence from the statement should have been suppressed on the basis that proof of the aggravated robbery and aggravated kidnapping was irrelevant and unfairly prejudicial at the aggravated rape trial. The post-conviction court did not make findings of fact or conclusions of law relative to the issue the Petitioner has now raised regarding ineffective assistance in failure to seek suppression of the statement because it was the product of police coercion. Our consideration of this issue is waived. *Id.*

## III

## <u>Advice Regarding Settlement Offer</u>

The Petitioner contends that trial counsel failed to explain the fifteen-year settlement offer for aggravated rape after the first trial. He acknowledges that counsel advised him of the offer but complains that counsel failed to advise him to accept it. He argues that if he had accepted the offer, his sentence "would have been 'capped' at 15 years: due to legal considerations, the sentences for aggravated robbery and aggravated kidnapping could not be sentenced consecutively" and that counsel failed to advise him of this fact. The State counters that the post-conviction court properly denied relief.

As we have noted, the Petitioner testified at the post-conviction hearing that trial counsel advised him of a twenty-five-year offer. Counsel testified that he had advised the Petitioner of the offer and about the possibility of consecutive sentencing, based upon counsel's understanding of then-existing law, if the Petitioner chose to proceed to trial on the aggravated rape. *See Anthony*, 817 S.W.2d 299. Counsel said that in his opinion, the facts of the Petitioner's case, which involved the Petitioner's driving the victim around in a van following the robbery, did not support a conclusion that the kidnapping had been incidental to the robbery, with the result being that consecutive sentencing would be an alternative available to the trial court. Counsel testified that the Petitioner was adamant about not pleading guilty to aggravated rape. Although the Petitioner testified about his dissatisfaction with counsel's advice, he never stated in his hearing testimony that he would have pleaded guilty to the rape charge or otherwise controverted counsel's testimony that the Petitioner was adamant about not pleading guilty to the aggravated rape charge because the Petitioner insisted he was not guilty.

General Jones testified that an unspecified portion of the record reflected that the Petitioner was questioned on the record by trial counsel about the Petitioner's knowledge of the offer for a fifteen-year sentence for aggravated rape and concurrent sentencing with the offenses of which the Petitioner had been convicted at the first trial. The record likewise reflects that the Petitioner was aware of the possibility of consecutive sentencing

if he proceeded to trial on the aggravated rape charge. He was also aware that he remained in jeopardy of consecutive sentencing for the aggravated robbery and aggravated kidnapping convictions.

We have reviewed the voir dire of the Petitioner at the second trial regarding the plea offer. The Petitioner acknowledged that he had been convicted of two offenses, each of which had an eight to twelve-year sentencing range, and that he faced the possibility of an effective twenty-four years for the offenses if the court imposed consecutive sentencing. He agreed that he was aware the prosecutor had offered a fifteen-year sentence if the Petitioner pleaded guilty to aggravated rape, and he acknowledged that the prosecutor would recommend concurrent service of the fifteen-year sentence with "anything [the Petitioner] might receive on the two indictments upon which [he] stood convicted." The Petitioner agreed that he had rejected the plea offer.

The record reflects that the Petitioner received a fifteen-year offer for aggravated rape and that the prosecutor agreed to recommend the aggravated rape sentence be served concurrently to the other sentences. The record reflects, however, that had the Petitioner accepted the plea offer, he nevertheless remained in jeopardy of consecutive sentencing for the aggravated robbery and aggravated kidnapping convictions. Contrary to his claim, the Petitioner was not offered an effective fifteen-year sentence for all three offenses. The Petitioner failed to carry his burden of establishing deficient performance by counsel and prejudice from counsel's actions. The post-conviction court did not err in denying relief on this basis.

In reaching this conclusion, we have not overlooked the Petitioner's argument that his effective sentence would have been "capped" at fifteen years as a matter of law if he had accepted the plea offer. In his brief, the Petitioner has not identified the legal basis upon which he relies for the proposition that the sentence was "capped" at fifteen years. To the extent he may imply that *Anthony* dictated this result, we disagree. *See id.*

**IV**

**<u>Cumulative Errors and Omissions of Counsel</u>**

The Petitioner contends that trial counsel's errors and omissions, considered cumulatively, resulted in the Petitioner's receiving the ineffective assistance of counsel. As the State notes, the Petitioner failed to prove his allegations at the post-conviction hearing. On appeal, he has failed to demonstrate error in the post-conviction court's determinations in this regard. He is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE